# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:02cv00505-W

| | |
|---|---|
| BEVERLY S. MANNING, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>COMMISSIONER OF SOCIAL )<br>SECURITY ADMINISTRATION, )<br>)<br>Defendant. )<br>) | **ORDER** |

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 20) and Supporting Memorandum (Doc. No. 21), both of which were filed on May 30, 2006. Also before the Court is Defendant's Motion for Summary Judgment (Doc. No. 22) and Memorandum in Support of Defendant's Motion (Doc. No. 23), both filed July 27, 2006. For the reasons stated herein, the Court grants in part and denies as moot in part Plaintiff's Motion and denies Defendant's Motion. This matter is REMANDED to the Commissioner for further findings consistent with this Order.

## I. BACKGROUND

Plaintiff applied for Social Security Disability Insurance ("SSDI") benefits on January 27, 2001, alleging a disability onset date of July 1, 2000, due to the limiting effects of Multiple Sclerosis. Plaintiff's claim was denied initially, upon reconsideration, and by Administrative Law Judge Richard Harper ("ALJ") following a hearing on April 11, 2002. The hearing, however, could not be transcribed due to technical problems with the recording. Accordingly, the matter was remanded by this court on May 30, 2003, for a *de novo* hearing before the ALJ.

The ALJ conducted a de novo hearing on September 16, 2003, during which the Plaintiff, represented by counsel, appeared and testified, as did her husband and an impartial vocational expert. Following the hearing, the ALJ issued an unfavorable decision finding that Plaintif was not under a disability as defined in the Social Security Act at any time through the date of his decision. Applying the five-step evaluation process in accordance with 20 C.F.R. 404.1520, the ALJ found the following: (Step 1) Plaintiff had not engaged in any substnatial gainful activity at any time relevant to his decision; (Step 2) Plaintiff suffers from multiple sclerosis, which is a "severe" impairment within the meaning of the Regulations; (Step 3) none of Plaintiff's impairments, or combination therefore, met or medically equaled the level of severity listed in 20 C.F.R. 404, subpart P, Regulation 4, Appendix 1, and that Plaintiff had the residual functional capacity to perform the exertional demands of "light" and "sedentary" work, so long as the jobs had limited or no exposure to heights, hazardous machinery, and extreme temperatures; (Step 4) Plaintiff was unable to perform her past relevant work; and (Step 5) based on Plaintiff's capacity for "sedentary" and "light" work, her age, education, and work experience, Medical-Vocational Rules 201.28 and 202.21 would direct a conclusion of "not disabled." Ultimately, the ALJ found that several jobs existed in the national economy that Plaintiff could perform, and therefore, Plaintiff was not under a "disability" as defined by the Social Security Act.

Plaintiff appealed the ALJ's decision to the Appeals Counsel, which denied review, thereby making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks reversal of the ALJ's decision by this Court.

## II. STANDARD OF REVIEW

This Court's review is limited to determining whether the Commissioner's decision, as a whole, is supported by "substantial evidence" and whether the Commissioner employed the correct legal standards. "Substantial evidence" is defined as "more than a mere scintilla;" it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The Commissioner, not this Court, bears the ultimate responsibility for weighing the evidence and resolving its conflicts. Hays, 907 F.2d at 1456. "A factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir.1987).

## III. ANALYSIS

Plaintiff presents several issues before this Court in her motion; however, one is dispositive at this stage. Specifically, Plaintiff contends the ALJ failed to comply with 20 C.F.R. § 404.1527 by failing to accord adequate weight to the opinion of her treating physician. After reviewing the decision of the ALJ, the Court agrees.

The Fourth Circuit has explained:

> "Although the treating physician rule generally requires a court to accord greater weight to the testimony of a treating physician, the rule does not require that the testimony be given controlling weight." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir.1992) (*per curiam*). Rather, according to the regulations promulgated by the Commissioner, a treating physician's opinion on the nature and severity of the claimed impairment is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. See 20 C.F.R § 416.927. Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." [Craig v. Chater, 76 F.3d 585, 590 (4th

>     Cir.1996).]  Under such circumstances, the ALJ holds the discretion to give less
>     weight to the testimony of a treating physician in the face of persuasive contrary
>     evidence. See Hunter, 993 F.2d at 35.

Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001).

Here, Plaintiff presented evidence from several treating physicians to whom she sought treatment over the relevant time period from July 2000 until as recently as September 2003. The treating physicians' opinions did not necessarily contradict one another. Instead, they provided a summary of the course of treatment provided to Plaintiff over the course of a few years. Dr. Steven F. Putman, a neurologist, treated Plaintiff on several occasions over the relevant time period. The gravamen of Dr. Putman's medical records show that Plaintiff "had good days and bad days," but that in October of 2002 (the last time Dr. Putman treated Plaintiff), Plaintiff's condition seemed to be improving as she was responding postively to treatment. In September 2003, Dr. Putman completed a multiple sclerosis Residual Functional Capacity ("RFC") questionnaire, which the ALJ ultimately ruled was "not remotely consistent with his own treatment notes."

Although the ALJ decision sufficiently summarized the evidence regarding Plaintiff's treatment by the various physicians, the decision is devoid any finding as to the credibility or controlling weight given to these doctors. Without clearly stating which opinions were to be given controlling weight and to what degree, this Court cannot review the ALJ decision to determine if it is based on sufficiency of the evidence. See Gordon v. Schweiker, 725 F.2d 231, 231 (4th Cir. 1984) (holding, in appeal of decision by the Secretary of Health and Human Services denying benefits under SSDI, that "we cannot determine findings are unsupported by substantial evidence unless the Secretary explicitly indicates the weight given to all of the relevant evidence.") (citiations omitted). In Gordon, the Fourth Circuit noted "Neither the ALJ nor the Appeals Council indicated the weight

given to the various medical reports submitted by the appellant. We therefore remand to the district court with instructions further to remand the case to the Secretary with directions to the Secretary to reconsider the case and to indicate explicitly the weight accorded to the various medical reports in the record." Id. For similar reasons, remand is appropriate here. See also Soc. Sec. R. 96-2 (a decision . . . must be sufficiently specific to make clear to any subsquent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.").

Further, the ALJ seems to suggest (without so specifically stating) that Dr. Putman's September RFC is to be afforded less weight because it is based on Dr. Putman's notes up until October 2002. Dr. Putman's RFC, however, specifically lists a more recent MRI (from September 2003) that he reviewed and upon which he partially based his medical recommendations. Further, evidence in the record shows that following Dr. Putman's October 2002 appointment with Plaintiff, Plaintiff's condition had "exacerbated" and was "worsening" as of August 2003. (Tr. P. 336). Accordingly, without any explanation from the ALJ as to why he was affording Dr. Putman's RFC less weight (which is presumed since there is no finding as to the weight of any of the medical evidence), this Court cannot appropriately determine whether or not the ALJ's decision is supported by substantial evidence.

Even indulging the Commissioner's assumption that there is substantial evidence in the case record so inconsistent with Dr. Putman's opinion that it would not be entitled to controlling weight, it may nonetheless be entitled to some weight under the factors enumerated in 20 C.F.R. § 416.927(d). See also Social Security Ruling 96-2p, at 4("[ALJ's] must remember that a finding that a treating medical opinion is . . . inconsistent with other substantial evidence in the case record means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be

rejected. . . . In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight."). Additionally, if the ALJ is unable to determine with certainty the extent to which Dr. Putman's opinion is consistent with the objective medical evidence in the record, he might choose to seek clarification from Dr. Putman pursuant to the provisions of 20 C.F.R. §§ 416.927(c)(3) and 416.912(e)(1). See also SSR 96-2p, at *4 ("[I]n some instances, additional development required by a case--for example, to obtain more evidence or to clarify reported clinical signs or laboratory findings--may provide the requisite support for a treating source's medical opinion that at first appeared to be lacking or may reconcile what at first appeared to be an inconsistency between a treating source's medical opinion and the other substantial evidence in the case record."). Finally, the Court reminds the Commissioner, and accordingly, the ALJ, of the factors outlined in 20 C.F.R. § 404-1527(d)(2)-(6), which are relevant in determining what weight to give treating physicians.

In light of the Court's disposition, the Court does not reach the question of whether the Commissioner's denial of benefits was supported by substantial evidence and expresses no opinion on the merits of Plaintiff's claim generally.

IT IS, THEREFORE, ORDERED that: (1) Plaintiff's Motion for Summary Judgment (Doc. No. 20) is GRANTED in part and DENIED AS MOOT in part; (2) Defendant's Motion for Summary Judgment (Doc. No. 22) is DENIED; and (3) the action is REMANDED to the Commissioner for further proceedings consistent with the above order.

IT IS SO ORDERED.   Signed: March 29, 2007

Frank D. Whitney
United States District Judge